OPINION
Plaintiff-appellant State of Ohio appeals from the dismissal of an indictment charging defendant-appellee Tammy Foster with Drug Abuse. The State contends that the trial court erred by applying the doctrine of collateral estoppel because Foster failed to establish that her prior acquittal in a related case was necessarily based on an element required to be proven in the pending case. We agree with the State. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
Foster was arrested in December, 1998. She was charged with Possession of Drug Paraphernalia, specifically, an alleged crack pipe. She was subsequently indicted for Drug Abuse, based upon the allegation that there was crack cocaine residue in the pipe.
Foster appeared in the Montgomery County District One Court on the Drug Paraphernalia charge, and pled no contest. She was found not guilty. The entry finding her not guilty is of record in this case. It does not indicate a particular basis for the finding.
Subsequently, Foster was indicted for Drug Abuse, based upon the allegation that there was crack cocaine residue in the crack pipe. From the hearing, it appears that there was nothing vindictive about this indictment. In other words, the police had obtained approval for seeking the Drug Abuse indictment before the Montgomery County District One Court found Foster not guilty of the Paraphernalia charge.
Foster moved to dismiss the Drug Abuse charge, upon the ground that it was barred by collateral estoppel. Her motion was heard by the Montgomery County Common Pleas Court, in which the indictment was pending. There was no testimony at this hearing, but the parties stipulated to the admission of a document reflecting that Foster had been found not guilty of the Paraphernalia charge in the District Court, upon her no contest plea. Following the hearing, the trial court found Foster's motion well-taken, and dismissed the indictment. From the judgment of the trial court dismissing the indictment, the State appeals.
 II
The State's sole assignment of error is as follows:
 THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO DISMISS THE CHARGE OF POSSESSION OF CRACK COCAINE ON RES JUDICATA GROUNDS WHERE APPELLEE FAILED TO PRODUCE EVIDENCE AS TO THE FACTUAL BASIS FOR THE PRIOR ACQUITTAL ON THE COMPANION MISDEMEANOR CHARGE OF ILLEGAL POSSESSION OF DRUG PARAPHERNALIA.
Both parties agree that the doctrine of collateral estoppel is available to Foster to obtain the dismissal of the Drug Abuse indictment, if her acquittal in another court is factually inconsistent with a necessary element of the Drug Abuse charge. Both parties cite Ashe v. Swenson (1970), 397 U.S. 436,90 S.Ct. 1189, 25 L.Ed.2d 469, as well as State v. Morris (March 30, 1984), Clark App. No. 1903, unreported.
The State argues that Foster's acquittal on the paraphernalia charge, by itself, is insufficient to bar her prosecution for Drug Abuse, because the charge on which she was acquitted requires, as one of its elements, possession with purpose to use. R.C.2925.14(C)(1). By contrast, the charge upon which she was indicted, Drug Abuse, merely requires knowing possession of a controlled substance — in this case, crack cocaine residue allegedly present in the crack pipe. R.C. 2925.11(A). Thus, the State points out, it is entirely possible that the trial judge in the Paraphernalia prosecution found a failure of proof, not on the issue of possession of the crack pipe, but on the issue of possession with purpose to use it. That finding, while sufficient to win Foster an acquittal on the Paraphernalia charge, would not be inconsistent with her knowing possession of crack cocaine residue located in the crack pipe.
Foster contends that her acquittal on the Paraphernalia charge is necessarily inconsistent with a conviction on the Drug Abuse charge because of the fact that the presence of crack cocaine residue is capable of supporting an inference that the crack pipe was possessed with a purpose to use it. Thus, Foster argues, if there was crack cocaine residue in the crack pipe, the District One court would necessarily have found against her on the issue of purpose to use. She cites State v. Smith (Jan. 7, 1994), Clark App. No. 3013, unreported, for this proposition.
We have reviewed State v. Smith, supra, and we conclude that it does not support Foster's argument. The fact that a defendant charged with Possession of Drug Paraphernalia is in possession of a crack pipe containing crack cocaine residue is, at most, circumstantial evidence that might support a reasonable inference that the possession of the crack pipe was with purpose to use it. That circumstantial evidence would not always result in a finding that the crack pipe was possessed with purpose to use. The factfinder might believe the defendant's testimony, or the testimony of other witnesses, that the crack cocaine residue predated the defendant's possession of the crack pipe, and that the defendant had some innocent purpose for possessing it. Thus, it would be possible for a defendant to be in possession of a crack pipe containing crack cocaine residue, but nevertheless be acquitted of Possession of Drug Paraphernalia, because the factfinder is not satisfied, beyond a reasonable doubt, that the defendant possessed the crack pipe with purpose to use it. Nevertheless, if the defendant knew that there was crack cocaine residue in the crack pipe, the defendant would be guilty of Drug Abuse, which merely requires the knowing possession of a controlled substance.
We conclude that Foster's acquittal on the charge of Possession of Drug Paraphernalia is not inconsistent with the finding of guilt on the charge of Drug Abuse. Therefore, the State's sole assignment of error is well-taken, and it is sustained.
 III
The State's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for further proceedings consistent with this opinion.
WOLFF J., concurs.
KERNS, J., dissents.
(HON. JOSEPH D. KERNS, Retired from the Court of Appeals, Second Appellate District, Sitting By Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
R. Lynn Nothstine, Arvin S. Miller, HON. DAVID GOWDOWN